IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:10cv289

| | |
|---|---|
| WENDY OLSEN, )<br>)<br>    Plaintiff, )<br>)<br>v. )<br>)<br>DAYMARK RECOVERY SERVICES, )<br>)<br>    Defendant. )<br>_____ ) | **ORDER** |

Pending before the Court is Defendant's Motion for Summary Judgment [# 18]. Plaintiff, who is proceeding *pro se*, brought this action asserting claims under the Age Discrimination in Employment Act (ADEA).[1] Specifically, Plaintiff contends that Defendant created a hostile work environment with age-related harassment and discriminated against her based on her age causing her to resign her position. Defendant moved for summary judgment on Plaintiff's claims, and the Court entered an Order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of her obligations to respond to the motion. Upon a review of the parties' briefs and the record, the Court **DENIES** Defendant's

---

[1] Although the Complaint purported to bring claims pursuant to Title VII of the Civil Rights Act of 1964, it is clear that Plaintiff intends to asserts claims for age discrimination under the ADEA.

-1-

motion [# 18].

**I.     Analysis**

Pursuant to Rule 56(a) of the Federal Rules of Civil Procedure, a party is entitled to summary judgment if the movant "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).  The existence of some alleged factual dispute between the parties will not defeat a motion for summary. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 2510 (1986); Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 519 (4th Cir. 2003).  Rather, there must be a genuine issue of material fact. Id.  "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted." Anderson, 477 U.S. at 248, 106 S. Ct. 2510.  Moreover, the Court is no longer obligated to review the entire record at summary judgment, and need only consider the specific portions of the record cited by the parties.  Fed. R. Civ. P. 56(c)(3).  Finally, where a party fails to properly support an assertion of fact, the Court may issue any appropriate order.  Fed. R. Civ. P. 56(c)(e).

The Court finds that Defendant has not met its burden of showing that there is no genuine dispute as to any material fact and that it is entitled to judgment as a

matter of law because many of the citations to the record contained in Defendant's motion do not support Defendant's factual assertions. See Fed. R. Civ. P. 56(a). In fact, in some cases the cited portions of the record are unrelated to the factual assertion. For example, Defendant makes the factual assertion that "Plaintiff was born March 15, 1955." (Def.'s Mot. Summ. J. at p. 3 n.4.) The cited portion of Plaintiff's deposition, however, states, "your website that's what you will still see is what they advertise them as. Maybe that's changed." (Pl.'s Dep. 15:19-21.) Other citations in the brief are equally as unrelated to the factual assertions.

In addition, even when the citations are related to the factual assertion, many of the citations do not support the factual assertion. Defendant, for example, states that, "In each position, the Plaintiff had paperwork and performance requirements, identical to other employees in the same position, though different from other positions." (Def.'s Mot. Summ. J. at p. 4.) The cited portion of Plaintiff's deposition states, "Yes, we all did." (Pl.'s Dep. 27:10.) Even if the Court considers the preceding question - "Do you know whether other Emergency Services Clinicians also had productivity requirements?" - this cited testimony only supports the factual assertion that other Emergency Services Clinicians had productivity requirements. The cited portion of the record does not mention the nature of the productivity requirements, the other two positions Plaintiff held, says

-3-

Case 1:10-cv-00289-DLH   Document 29   Filed 01/20/12   Page 3 of 5

matter of law because many of the citations to the record contained in Defendant's motion do not support Defendant's factual assertions. See Fed. R. Civ. P. 56(a). In fact, in some cases the cited portions of the record are unrelated to the factual assertion. For example, Defendant makes the factual assertion that "Plaintiff was born March 15, 1955." (Def.'s Mot. Summ. J. at p. 3 n.4.) The cited portion of Plaintiff's deposition, however, states, "your website that's what you will still see is what they advertise them as. Maybe that's changed." (Pl.'s Dep. 15:19-21.) Other citations in the brief are equally as unrelated to the factual assertions.

In addition, even when the citations are related to the factual assertion, many of the citations do not support the factual assertion. Defendant, for example, states that, "In each position, the Plaintiff had paperwork and performance requirements, identical to other employees in the same position, though different from other positions." (Def.'s Mot. Summ. J. at p. 4.) The cited portion of Plaintiff's deposition states, "Yes, we all did." (Pl.'s Dep. 27:10.) Even if the Court considers the preceding question - "Do you know whether other Emergency Services Clinicians also had productivity requirements?" - this cited testimony only supports the factual assertion that other Emergency Services Clinicians had productivity requirements. The cited portion of the record does not mention the nature of the productivity requirements, the other two positions Plaintiff held, says

-3-

Case 1:10-cv-00289-DLH   Document 29   Filed 01/20/12   Page 3 of 5

nothing about whether Plaintiff's requirements were identical to the requirements of other employees in that position, and does not mention whether the requirements were different from employees in other positions. At most, the cited testimony supports the factual statement that all Emergency Services Clinicians had some level of productivity requirements. Although the Court might have overlooked one or two such citations, a large number of the citations contained in Defendant's brief simply do not support the factual assertion as stated by Defendant, and the example provided by the Court is only one of many improper record citations contained in Defendant's brief.

Under Rule 56, it is the Defendant's burden to initially demonstrate that there is no genuine dispute as to a material fact by citing to particular parts of the record. Fed. R. Civ. P. 56(a), (c). By failing to properly support its assertions of fact, Defendant has not satisfied this burden. Accordingly, the Court **DENIES** Defendant's Motion for Summary Judgment [# 18].

## II. Conclusion

The Court **DENIES** Defendant's Motion for Summary Judgment [# 18].

Signed: January 20, 2012

*Dennis L. Howell*

Dennis L. Howell
United States Magistrate Judge